IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Iris Harris, | ) | C/A NO. 0:05-3396-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Richard Tocado Companies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the parties' motions for summary judgment. For the reasons stated below, Defendant's motion is **granted in part and denied in part**, and Plaintiff's motion for partial summary judgment is **denied**.

Plaintiff has sued Defendant for alleged non-payment of wages under the South Carolina Wage Payment Act, S.C. Code Ann. § 41-10-10 *et seq.*, and for breach of contract. Plaintiff alleges that she is due commissions on certain mortgage loans for which she was the loan originator. Defendant has asserted an affirmative defense of disloyalty, arguing that because Plaintiff was disloyal to Defendant, she has forfeited the wages she earned for her entire period of alleged disloyalty. Defendant asserts that this period of disloyalty runs from Plaintiff's submission of an allegedly fraudulent loan application until she was fired. Therefore, Defendant contends Plaintiff is not entitled to recover any of the commissions she may have otherwise legitimately earned during this period.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

Plaintiff was hired by Defendant, a mortgage brokerage company, as a loan originator on May 17, 2004. A written employment agreement controlled the employment relationship between Plaintiff and Defendant. The employment agreement provided for the payment of commissions to Plaintiff based upon a formula tied to mortgage brokerage fees collected on loans Plaintiff originated and closed. Defendant paid its loan officers only on loans which they closed.

On May 27, 2004, Plaintiff submitted two loan applications to a lender on behalf of Mattie Brooks (Brooks), the mother of an acquaintance. One loan request ("Loan #1") was a request for

a refinancing loan in the amount of $83,000.00. The other loan application ("Loan #2") was an application for a loan of $252,000.00 for the purchase of another residence. In support of these loan applications, Plaintiff gathered and provided information to a potential lender regarding Brooks' employment and wage earning history. In the application for Loan #1, only one place of employment for Brooks was listed. On the application for Loan #2, Brooks was listed as having two jobs.[1] Both of these applications were signed by Brooks on the same day. Plaintiff submitted Internal Revenue Service (IRS) W-2 forms with Loan #2 which ultimately were determined to be fraudulent. After an investigation by Defendant, Plaintiff was fired from her position on either August 9 or 10, 2004. Plaintiff has denied any wrongdoing in the submission of the fraudulent W-2's, both in her deposition and in an affidavit submitted in response to Defendant's motion for summary judgment.

Plaintiff filed this lawsuit in the York County Court of Common Pleas on July 1, 2005, alleging causes of action for violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* (the Act), and for breach of contract. Based upon Plaintiff's Answers to Interrogatories, Defendant timely removed this matter to this court on December 6, 2005, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a).

Defendant has moved for summary judgment on both of Plaintiff's causes of action, asserting that Plaintiff has forfeited entitlement to any compensation under the Act due to her disloyalty. Defendant also contends that even if Plaintiff is entitled to compensation under the Act, she cannot recover more than $6,182 in wages. Defendant has also moved for summary judgment as to the trebling of damages and attorneys' fees under the Act, citing the presence of a bona fide dispute

---

[1] There were other discrepancies in the applications which are not at issue here.

3

concerning the payment of the wages and that Defendant relied upon the advice of counsel in withholding wages.

Plaintiff has moved for partial summary judgment as to three of the six commissions, and for the assessment of treble damages under the Act.

Defendant's motion for summary judgment is **granted in part and denied in part**. Defendant's motion is **denied** as to its assertion relating to Plaintiff's disloyalty, both as to the payment of wages and Plaintiff's breach of contract claim. Whether Plaintiff was "disloyal" within the meaning of the law is a jury matter. *Futch v. McAllister Towing of Georgetown, Inc.*, 518 S.E.2d 591, 609 (S.C. 1999).

The court **grants** Defendant's motion limiting Plaintiff's damages to $6,182. Plaintiff admitted during her deposition that her claim was limited to this amount, and Plaintiff has provided no evidence that she made a timely claim for commissions exceeding this amount. The court also finds that Plaintiff is not entitled to treble damages or attorney's fees under the Act because there exists a bona fide dispute concerning payment of the wages, and because Defendant relied on the advice of counsel in withholding the wages.[2] *See O'Neal v. Intermedical Hospital of South Carolina*, 585 S.E.2d 526 (S.C. 2003) (imposition of penalty discretionary but inappropriate if imposed where bona fide dispute exists).

The court **denies** Plaintiff's motion for partial summary judgment. Because Plaintiff's "disloyalty" is a matter for a jury, this jury question extends to determining the period of Plaintiff's alleged disloyalty (if any), and whether Plaintiff's method of compensation would be considered

---

[2] The court notes that this holding does not foreclose either party's right under Section Seventeen of the employment contract.

"apportioned" such that she might be entitled to recovery of some, but not all, of the loan commissions for those loans closed prior to her termination. *See Futch*, 518 S.E.2d at 609.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
September 27, 2006

C:\temp\notesB0AA3C\05-3396 Harris v. Tocado e denying motions for summary judgment.wpd